Mary Jo Caruth, Chairman Lee County Election Commission 15 E. Chestnut Street Marianna, Arkansas 72360
Dear Ms. Caruth:
This is in response to your request for an opinion regarding whether or not the party primary election and run-off can be dispensed with in the context of an election of aldermen in the City of Marianna.
The term "primary election" is defined under Ark. Stat. Ann. 3-101(b) (Repl. 1976) as "any election held by a political party in the manner provided by law for the purpose of selecting nominees of said political party for certification as candidates for election at any general or special election in this State." The powers and duties of political parties are set forth under Ark. Stat. Ann. 3-102 (Repl. 1976). While reference is made in 3-102(b) to political parties' prescribing the qualifications for voting in party primaries, there appears to be no requirement mandating such primaries. Nor does such a requirement appear to exist under either the Constitution or other legislative enactment. Indeed, the Arkansas Supreme Court has explicitly stated on at least one occasion that 3-102 applies only when a political party does hold an election, but that it does not require the holding of an election. Robinson v. Holman, 181 Ark. 428,26 S.W.2d 66 (1930). The Court stated in that case: "Nowhere is there to be found any provision in the statutes of Arkansas requiring any political party to hold primary elections."181 Ark. at 430-432. (This statement does not apply in all instances, as, for example, when a political party desires to select delegates to attend a quadrennial national nominating convention of the party to select a nominee for Office of the President of the United States. See Act 123 of 1987). Ark. Stat. Ann. 3-1103.1, which is the codification of Act 42 of the First Extraordinary Session of 1973, should also be noted in this regard. It states that "[i]ndependent candidates for municipal office shall file their political practices pledges with the County Clerk of the County not less than forty-five (45) days before the General Election." This Act offers support for the proposition that party primaries may be dispensed with in the specific context of the election of municipal officers. The emergency clause contained in Section 5 of that Act states:
 Whereas the great majority of municipalities elect their municipal officials as independent and do not have political primaries for municipal office and whereas the great majority of municipal officials in small towns and cities receive no compensation or very nominal compensation and it would result in a real hardship to force candidates for municipal office in these small towns and cities to run in primaries and to file for municipal office seven (7) months before the General Election and nine (9) months before the taking of office on January 1; and this Act is immediately necessary to correct this situation.
It is reasonable to conclude, based upon the foregoing, that all candidates for the office of city alderman may run as independent candidates, and that party primaries are not mandated by law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.